UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| MARTHA MCCLENDON, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. 1:25-CV-00197 |
|  | ) |  |
| RHEA COUNTY SCHOOL DISTRICT, | ) |  |
| SPRING CITY ELEMENTARY | ) |  |
| SCHOOL, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## ANSWER OF DEFENDANTS TO PLAINTIFF'S COMPLAINT

**NOW COME** Defendants, Rhea County School District ("RCSD") and Spring City Elementary School (SCES)[1], by and through counsel, and, in Answer to Plaintiff's Complaint, plead as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Defendants generally deny the assertions and allegations set forth in the "Introduction" section of Plaintiff's Complaint as stated. To the extent that the "Introduction" sentence of Plaintiff's Complaint is intended to assert liability against these Defendants, that is denied.

### THIRD DEFENSE

With regard to the allegations in the paragraphs specifically enumerated in the Plaintiff's Complaint, the Defendants plead as follows:

---

[1] Spring City Elementary School is a public school operated by Defendant RCSD. These are not two separate legal entities. The proper party defendant is RCSD only.

1. The Defendants admit the allegations in Paragraph 1 upon information and belief.

2. The allegations in Paragraph 2 are admitted.

3. The Defendants admit that Spring City Elementary School is located at 270 E. Jackson Avenue but deny that it is independent from Defendant RCSD. RCSD operates SCES.

4. Defendants admit that Defendant RCSD meets the definition of "Employer" as defined under 42 U.S.C. § 12111. The number of individuals working at SCES is irrelevant, as it is operated by RCSD.

5. The Defendants admit the allegations in Paragraph 5 upon information and belief.

6. The Defendants admit that Defendant RCSD meets the definition of "Employer" as defined under Tenn. Code Ann. § 8-50-103(d). The number of individuals working at Spring City Elementary is irrelevant, as it is operated by RCSD. The Defendants deny that the Plaintiff has stated a claim upon which relief can be granted under the Tennessee Disability Act (TDA) because the statute of limitations on those claims has already run as the Plaintiff's resignation from the school system was effective May 30, 2024. *Tenn. Code Ann.* § 4-21-311(d).

7. The Defendants admit that jurisdiction is proper in this Court with regard to Plaintiff's claims under the Americans with Disabilities Act (ADA). The Defendants deny that this Court has jurisdiction over Plaintiff's claims under the TDA because the statute of limitations on those claims has already run as the Plaintiff's resignation from the school system was effective May 30, 2024. *Tenn. Code Ann.* § 4-21-311(d).

8. The Defendants admit that venue is proper in this Court. To the extent that this Paragraph is intended to allege fault on the part of the Defendants, that is denied.

9. The Defendants admit that Plaintiff's *Notice of Right to Sue* from the EEOC was issued on March 20, 2025 and that she filed her Complaint on June 17, 2025.

10. The Defendants admit the allegations in Paragraph 10.

11. The Defendants admit the allegations in Paragraph 11.

12. The Defendants admit that the *Determination and Notice of Rights* document was issued on March 20, 2025. Defendants are without sufficient information to admit or deny whether Plaintiff actually viewed the notice on that date. Defendants admit that the notice document provided Plaintiff with notice of her right to sue.

13. The Defendants admit that Plaintiff was employed as a first grade teacher at SCES during the 2022-23 school year. The Defendants deny that Plaintiff was excluded or isolated from school-related meetings. To the extent that this Paragraph is intended to allege fault on the part of these Defendants, that is denied.

14. The allegations in Paragraph 14 are denied as stated. The Defendants admit that the Plaintiff alleged that she experienced bullying and harassment from fellow teachers during the 2022-23 school year but that SCES administrators investigated all of her allegations and found that no bullying or harassment had occurred. To the extent that this Paragraph is intended to allege fault on the part of the Defendants, that is denied.

15. The Defendants deny that a new principal or assistant principal began working at SCES in 2023. The Defendants admit that Plaintiff alleged that she experienced bullying and harassment from fellow teachers during the 2022-23 school year but that school administrators investigated all of her allegations and found that no bullying or harassment had occurred. The Defendants deny that Plaintiff experienced harassment.

To the extent that this Paragraph is intended to allege fault on the part of the Defendants, that is denied.

16. The Defendants are without sufficient information to admit or deny the allegations in Paragraph 16 and so deny the same and demand strict proof. To the extent that this Paragraph is intended to allege fault on the part of the Defendants, that is denied.

17. The Defendants are without sufficient information to admit or deny the Plaintiff's medical diagnoses and so deny the same and demand strict proof. The Defendants admit that Plaintiff sought and was granted leave from work beginning in January 2024 for what her treatment provider described as a panic disorder. The Defendants deny that the Plaintiff's treatment provider documented that the described panic disorder was associated with any alleged harassment the Plaintiff experienced at work. The Defendants deny that the Plaintiff was harassed at any time. To the extent that this Paragraph is intended to allege fault on the part of the Defendants, that is denied.

18. The Defendants are without sufficient information to admit or deny the allegations in Paragraph 18 and so deny the same and demand strict proof. The Defendants admit that the Plaintiff alleged that she experienced harassment from fellow teachers during the 2022-23 school year but that school administrators investigated all of her allegations and found that no harassment had occurred. The Defendants deny that the Plaintiff was harassed.

19. The allegations in Paragraph 19 are denied.

20. The allegations in Paragraph 20 are denied as stated. To the extent that this Paragraph is intended to allege fault on the part of these Defendants, that is denied.

21. The Defendants generally admit that, in late July or early August of 2023, the SCES principal was concerned for the Plaintiff's welfare. As a result, he requested that a guidance counselor from another RCSD school check on the Plaintiff and offer her support, and this employee did so. This employee was previously known to Plaintiff. The remaining allegations in Paragraph 21 are denied as stated. To the extent that this Paragraph is intended to allege fault on the part of these Defendants, that is denied.

22. The Defendants deny the allegations in Paragraph 22 as stated. The employee told SCES administrators that she had spoken with the Plaintiff but did not disclose any protected information pertaining to the Plaintiff to the administrators.

23. The Defendants deny the allegations in Paragraph 23 as stated. The Defendants offered assistance to the Plaintiff in response to her reported issues with this student.

24. The allegations in Paragraph 24 are denied.

25. The allegations in Paragraph 25 are denied.

26. As Plaintiff provides no detail with regard to the "variety of incidents" allegedly occurring between October 2023 and December 2023, the Defendants do not possess sufficient information to admit or deny these allegations or whether Plaintiff notified administration about these incidents and so deny the same and demand strict proof. The Defendants admit that SCES administrators properly addressed every incident that Plaintiff made known to them. To the extent that this Paragraph is intended to allege fault on the part of the Defendants, that is denied.

27. The Defendants are without sufficient information to admit or deny the allegations in Paragraph 27 and so deny the same and demand strict proof. The Defendants deny that

Plaintiff ever alleged to school administrators that she experienced harassment from any of her colleagues during the 2023-24 school year.

28. The Defendants admit that, in January 2024, Plaintiff told SCES administrators that a rolling cart had been left by her classroom door. This cart contained plaster that the Plaintiff had previously utilized. The remaining allegations in Paragraph 28 are denied.

29. The Defendants admit that the Plaintiff's treatment provider requested that she be permitted to utilize a Bluetooth device to operate her cell phone in emergencies. The Defendants admit that the Plaintiff was permitted to wear a Bluetooth headset during school hours. The remaining allegations in Paragraph 29 are denied as stated. To the extent that this Paragraph is intended to allege fault on the part of the Defendants, that is denied.

30. The allegations in Paragraph 30 are denied. The SCES principal did not send a school-wide email regarding headphones in response to or because of paperwork submitted by or on behalf of the Plaintiff. To the extent that this Paragraph is intended to allege fault on the part of the Defendants, that is denied.

31. The Defendants admit that the Plaintiff's treatment provider requested that she be permitted to utilize a Bluetooth device to operate her cell phone in emergencies. The Defendants admit that the Plaintiff was permitted to wear a Bluetooth headset during school hours and that the Defendants acknowledged this accommodation in their response to Plaintiff's EEOC charge allegations. To the extent that this Paragraph is intended to allege fault on the part of the Defendants, that is denied.

32. The Defendants are without sufficient information to admit or deny when Plaintiff visited with a doctor and therapist or her purpose for obtaining such treatment and so

deny the same and demand strict proof. The Defendants deny the remaining allegations in Paragraph 32.

33. The Defendants admit that Plaintiff sought and was approved for FMLA leave on or about January 23, 2024. To the extent that this Paragraph is intended to allege fault on the part of the Defendants, that is denied.

34. The Defendants admit that, during the afternoon of January 23, 2024, during a weather closure and after her FMLA leave request had been approved and her leave period had begun, Plaintiff appeared at SCES unannounced and began cleaning her classroom. The Defendants admit that Plaintiff was asked to leave the school because she was on leave and, therefore, not supposed to be present in the school building. The Plaintiff was defiant and would not cooperate with the SCES principal. The Defendants admit that the RCSD superintendent told her that, if she was in the building again during leave, she would be deemed to be trespassing. The Defendants deny the remaining allegations in Paragraph 34 as stated. The Defendants deny that the Plaintiff willingly turned in her badge and key. To the extent that this Paragraph is intended to allege fault on the part of the Defendants, that is denied.

35. The Defendants admit that, on January 25, 2024, two days after the Plaintiff was told to leave the SCES building, law enforcement was contacted after another SCES teacher reported to the SCES principal that the Plaintiff had made comments to her the day before that suggested that the Plaintiff might be contemplating committing an act of self-harm or other act of violence at the school. The Defendants admit that this employee represented that the Plaintiff told her that she had kept her keys to the building and planned to have her husband drop her off. The Defendants further admit

7

that, upon receipt of this information, they were obligated under the law to notify law enforcement. The Defendants admit that law enforcement arrived at SCES at approximately 8 pm on January 25 and found Plaintiff in her classroom, where she had blacked out the glass on her door. The Defendants admit that the RCSD superintendent gave the Plaintiff fifteen minutes to gather her belongings, call her husband to pick her up, and leave the building and that the superintendent took her badge and key. The Defendants admit that law enforcement waited by the Plaintiff's classroom until her husband came to pick her up. To the extent that this Paragraph is intended to allege fault on the part of the Defendants, that is denied.

36. The Defendants admit, upon information and belief, that law enforcement contacted the Plaintiff on or about January 26, 2024 to discuss the threats of self-harm and/or violence with regard to SCES that she had made. The Defendants are without sufficient information to admit or deny whether this contact from law enforcement amounted to a concerning interaction for Plaintiff and so deny the same and demand strict proof. To the extent that this Paragraph is intended to allege fault on the part of the Defendants, that is denied.

37. The Defendants deny the allegations in Paragraph 37 as stated. The Plaintiff was not suspended from her employment. The RCSD superintendent told the Plaintiff on January 23, 2024, after she was uncooperative with the principal, that, if she came back to the school building during her leave, she would be deemed as having trespassed.

38. The Defendants deny that the Plaintiff was suspended from her employment, so there would not have been a need to provide a notice of suspension. To the extent that this Paragraph is intended to allege fault on the part of the Defendants, that is denied.

39. The Defendants deny the allegations in Paragraph 39 as stated.

40. The Defendants admit, upon information and belief, that law enforcement made the determination to contact Tennessee Homeland Security. To the extent that this Paragraph is intended to allege fault on the part of the Defendants, that is denied.

41. The Defendants are without sufficient information to admit or deny the allegations in Paragraph 41 and so deny the same and demand strict proof. To the extent that this Paragraph is intended to allege fault on the part of the Defendants, that is denied.

## CAUSES OF ACTION

### Count 1 – Violation of ADA – Discrimination Based on Disability

42. This Paragraph does not require a response.

43. The Defendants generally admit the allegations in Paragraph 43. To the extent that this Paragraph is intended to allege fault on the part of the Defendants, that is denied.

44. The Defendants admit, upon information and belief, that the Plaintiff has one or more disabilities within the meaning of the ADA.

45. The Defendants admit, upon information and belief, that Plaintiff's disability or disabilities substantially limited one or more of her major life activities.

46. The allegations in Paragraph 46 are denied.

47. The allegations in Paragraph 47 are denied.

48. The Defendants admit that they have a general duty to engage with employees who seek accommodations in order to perform one or more essential job functions. The Defendants deny that they failed to perform this duty with regard to the Plaintiff or failed to properly accommodate the Plaintiff at any time.

49. The allegations in Paragraph 49 are denied.

50. The allegations in Paragraph 50 are denied.

51. The allegations in Paragraph 51 are denied.

**Count 2 – Violation of ADA – Retaliation for Reporting Incidents in Workplace**

52. This Paragraph does not require a response.

53. Inasmuch as the Defendants do not understand what Plaintiff means by use of the phrase "facilitate a transparent discussion regarding her disability," the Defendants are without sufficient information to admit or deny the allegations in Paragraph 53 and so deny the same and demand strict proof.

54. The allegations in Paragraph 54 are denied.

55. The allegations in Paragraph 55 are denied.

56. The allegations in Paragraph 56 are denied.

57. The allegations in Paragraph 57 are denied. The Defendants deny that the Plaintiff was ever written up for using an accommodation.

58. The allegations in Paragraph 58 are denied.

59. The allegations in Paragraph 59 are denied.

**Count 3 – Tennessee Disability Act – Discrimination Based on Disability**

60. The allegations in Paragraph 60 do not require a response.

61. The Defendants admit, upon information and belief, that the Plaintiff has one or more disabilities within the meaning of the ADA and TDA.

62. The allegations in Paragraph 62 are denied.

63. The allegations in Paragraph 63 are denied.

64. The allegations in Paragraph 64 are denied.

65. The allegations in Paragraph 65 are denied.

## Count 4 – Tennessee Disability Act – Retaliation

66. This Paragraph does not require a response.

67. The Defendants admit, upon information and belief, that the Plaintiff has one or more disabilities within the meaning of the ADA and TDA. The Defendants generally admit that individuals with disabilities have the right to request accommodations and report concerns in the workplace without retribution or retaliation. To the extent that this Paragraph is intended to allege fault on the part of the Defendants, that is denied.

68. The allegations in Paragraph 68 are denied as stated. The Defendants admit that the Plaintiff alleged that she experienced bullying and harassment from fellow teachers during the 2022-23 school year but that SCES administrators investigated all of her allegations and found that no bullying or harassment had occurred. Defendants admit that SCES administrators properly addressed every incident that Plaintiff made known to them.

69. The allegations in Paragraph 69 are denied.

70. The allegations in Paragraph 70 are denied.

71. The allegations in Paragraph 71 are denied.

72. The allegations in Paragraph 72 are denied.

## FOURTH DEFENSE

The Defendants deny that the Plaintiff is entitled to any of the relief requested.

## FIFTH DEFENSE

The Defendants deny that the Plaintiff can establish a claim under the TDA upon which relief can be granted as the statute of limitations on those claims ran prior to the filing of Plaintiff's Complaint on June 17, 2025. *Tenn. Code Ann.* § 4-21-311(d) requires that a claim alleging

violation of the TDA "shall be filed in chancery court or circuit court within one (1) year after the alleged discriminatory practice ceases." Plaintiff's resignation from the school system was effective May 30, 2024.

**SIXTH DEFENSE**

The Defendants deny that they violated the Plaintiff's rights under the ADA or TDA at any time or otherwise discriminated against her on the basis of any disability or for any other reason.

**SEVENTH DEFENSE**

At all times, the Defendants' actions were taken in good faith and for legitimate and non-discriminatory and non-retaliatory reasons in the interest of the effective and efficient operations of the Rhea County School District.

**EIGHTH DEFENSE**

Inasmuch as the Defendants exercised reasonable care to prevent and promptly correct any alleged issues that the Plaintiff reported having in the workplace and the Plaintiff unreasonably failed to take advantage of these corrective actions, the Defendants are not liable for any of Plaintiff's alleged injuries. *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998).

**NINTH DEFENSE**

By resigning her employment despite the fact that, at the time of her resignation, Plaintiff was aware that she would be assigned a position during the 2024-25 school year, Plaintiff failed to mitigate her damages.

**TENTH DEFENSE**

Inasmuch as the Plaintiff voluntarily submitted her resignation on May 30, 2024, she was not constructively discharged.

## ELEVENTH DEFENSE

The Defendants explored every reasonable accommodation available to assist Plaintiff, including providing her with an extended paid leave of absence after she used her FMLA leave.

## TWELFTH DEFENSE

To the extent that any of the allegations the Plaintiff raises in her Complaint fall outside of the time period referenced within her EEOC Charge of Discrimination, Plaintiff has failed to exhaust her administrative remedies with regard to those allegations, and they should be dismissed.

## THIRTEENTH DEFENSE

With respect to any allegations contained in Plaintiff's Complaint not previously admitted, explained, or denied, the Defendants deny the same and demand strict proof.

**WHEREFORE, PREMISES CONSIDERED**, the Defendants pray that this Court dismiss the Plaintiff's action and tax costs accordingly.

Respectfully submitted,

BENNETT & DECAMP, PLLC

BY: /s/ *Mary C. DeCamp*
D. SCOTT BENNETT—TNBPR: 015988
MARY C. DECAMP – TNBPR: 027182
*Attorneys for Defendant Hamilton County Board of Education*
735 Broad Street
Suite 214
Chattanooga, TN 37402
Telephone: (423) 498-3789
dsb@bennettdecamp.com
mcd@bennettdecamp.com

## CERTIFICATE OF SERVICE

      I, the undersigned attorney, do hereby certify that the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

This the 20th day of August, 2025.

              BY:    /s/ *Mary C. DeCamp*
                        D. SCOTT BENNETT—TNBPR: 015988
                        MARY C. DECAMP – TNBPR: 027182